### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN L. DAVIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )     No. 2:11-cv-178-JAW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether substantial evidence supports the commissioner's determination that the plaintiff did not have a severe impairment or combination of impairments as of December 31, 2001, his date last insured for SSD benefits. I recommend that the decision be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that, through the plaintiff's date last insured, he had a medically determinable impairment of chondrosarcoma,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 16, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Finding 3, Record at 9; that, through his date last insured, he did not have an impairment or a combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months and, therefore, did not have a severe impairment, Finding 4, *id.* at 9-10; and that he, therefore, was not under a disability at any time from June 30, 2000, his alleged onset date of disability, through December 31, 2001, his date last insured, Finding 5, *id.* at 12. The Decision Review Board selected the decision for review but failed to act within 90 days, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting

Social Security Ruling 85-28).

# I. Discussion

The plaintiff seeks reversal and remand on two bases: that (i) the transcript of his hearing contains a substantial number of passages labeled "inaudible," impeding judicial review of the decision, and (ii) the administrative law judge failed to follow the dictates of Social Security Ruling 83-20 ("SSR 83-20"), pertaining to the determination of the onset date of disability.  *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 9) at 2-5.[2] I find no reversible error and, hence, recommend that the court affirm the decision.

"The failure to fully capture every word of . . . testimony in the transcript does not independently require a remand for further proceedings."  *Stefanowich v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00379-JAW, 2011 WL 4344575, at *5 (D. Me. Sept. 14, 2011) (rec. dec., *aff'd* Oct. 4, 2011).  "The issue is whether the record allows for informed judicial review."  *Id*. As counsel for the commissioner contended at oral argument, the credibility of the plaintiff's testimony, which is implicated by the inaudibility of the hearing transcript, does not come into play at Step 2.  *See, e.g., Giltner v. Astrue*, No. 06-131-B-W, 2007 WL 2021916, at *3 (D. Me. July 11, 2007) (rec. dec., *aff'd* July 31, 2007) ("At Step 2, a claimant's credibility is not an issue. Only medical evidence of severity may be considered.").  Thus, as the plaintiff himself suggests, omissions from the hearing transcript are relevant only to the extent that the administrative law judge erred in failing to apply SSR 83-20.  *See* Statement of Errors at 3.  As discussed below, SSR 83-20 is inapplicable for reasons other than the nature or quality of the plaintiff's testimony. The cited hearing transcript flaws, hence, do not hinder judicial review in this case.

---

[2] At oral argument, the plaintiff's counsel withdrew a third point of error: that the Decision Review Board process deprived him of due process and equal protection of the laws.  *See* Statement of Errors at 5.

In his statement of errors, the plaintiff neglected to address a threshold question pertaining to the applicability of SSR 83-20: whether he ever was found disabled. *See generally id.*; *see also, e.g., Kelly v. Astrue*, No. 06-168-P-S, 2007 WL 2021923, at *2 (D. Me. July 11, 2007) (rec. dec., *aff'd* Aug. 27, 2007) (SSR 83-20 "applies only when a claimant has been determined to be disabled"); *see also* SSR 83-20, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 49 ("In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits.").

At oral argument, the plaintiff's counsel contended that the administrative law judge, in effect, made a finding of disability subsequent to his client's date last insured when he found, purportedly at Step 3 of the sequential evaluation process: "Through the date last insured, the [plaintiff] did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the [plaintiff] did not have a severe impairment or combination of impairments[.]" Finding 4, Record at 9-10 (boldface omitted). He argued that this was an implicit finding of disability sufficient to trigger SSR 83-20, aligning this case with *Kelly* and distinguishing it from *Dennett v. Astrue*, Civil No. 08-97-B-W, 2008 WL 4876851 (D. Me. Nov. 11, 2008) (rec. dec., *aff'd* Dec. 4, 2008), in which this court held that a claimant did not meet the *Kelly* standard for application of SSR 83-20. *See Dennett*, 2008 WL 4876851, at *6.

Counsel for the commissioner rejoined that any inference of a predicate finding of disability in this case is unreasonable, given that (i) the finding cited by the plaintiff's counsel was made at Step 2, not at Step 3, and (ii) the administrative law judge questioned the severity of

the plaintiff's condition subsequent to his date last insured, rather than making clear that he considered him to have become disabled. Therefore, he reasoned, this case aligns with *Dennett*, not *Kelly*. The commissioner has the better argument.[3]

In *Kelly*, this court recognized that, while a finding of current disability typically is made in the context of a concurrent Supplemental Security Income ("SSI") application, there are circumstances in which, in the absence of such an SSI determination, application of SSR 83-20 remains appropriate. *See Kelly*, 2007 WL 2021923, at *2-*3; *see also, e.g., Perkins v. Chater*, 107 F.3d 1290, 1295 (7th Cir. 1997) ("SSR 83-20 addresses the situation in which an administrative law judge makes a finding that an individual is disabled *as of* an application date, and the question arises whether the disability arose at an earlier time. In the particular case of dual Title II-XVI claims, the onset date for the Title II claim may be earlier than the date for the Title XVI claim. This is because one can collect SSI under Title XVI only as of the date of application, regardless of how long one may have suffered from a particular infirmity, but one can collect DIB [Disability Insurance Benefits, also known as SSD benefits] under Title II that covers up to 12 months of disability prior to the filing of a DIB application, provided that one had insured DIB status during that period of disability.") (citation omitted) (emphasis in original).[4]

---

[3] Counsel for the commissioner also argued that the plaintiff waived the point that there was a predicate finding of disability pursuant to *Kelly* by omitting it from his statement of errors. However, because I elicited this argument in response to questioning, the commissioner's counsel was fully prepared to address it, and it is not outcome-determinative, I have considered its merits.

[4] Whereas entitlement to SSD benefits hinges in part on acquisition of insured status, entitlement to SSI benefits does not. *See, e.g., Splude v. Apfel*, 165 F.3d 85, 87 (1st Cir. 1999) ("In 1972, Congress added a new social security program to provide 'supplemental security income' (called 'SSI') for 'aged, blind and disabled' persons of limited means regardless of their insured status. This is a social welfare program funded out of general taxpayer revenues. SSI is available even to those who qualify for SSD, but SSD income is considered in determining whether a disabled person qualifies for SSI under the latter's means test.") (citations omitted); *Chute v. Apfel*, No. 98-417-P-C, 1999 WL 33117135, at *1 n.2 (D. Me. Nov. 22, 1999) ("To be eligible to receive SSD benefits the plaintiff had to have *(continued on next page)*

In *Kelly*, those circumstances arose when:

> (i) the administrative law judge, at hearing, described the plaintiff's current disability as "fairly clear," directing the plaintiff's counsel to submit an SSI application on his behalf, (ii) the application for SSI was turned down not on the basis of lack of demonstration of current disability but rather on the basis of excess income, (iii) the administrative law judge described the plaintiff, in the body of his decision, as "almost certainly" currently disabled, and (iv) the Record evidence supported such a finding.

*Kelly*, 2007 WL 2021923, at *3. The court found this "tantamount to a finding of current disability for purposes of application of SSR 83-20." *Id.* (footnote omitted).

The instant case is distinguishable. The administrative law judge merely found, at Step 2, that the plaintiff did not have a severe impairment lasting for 12 months as of his date last insured. *See* Finding 4, Record at 9-10. Even assuming, *arguendo*, that one can infer that he found that the plaintiff *did* have a severe impairment lasting for 12 months or more after his date last insured, that is not tantamount to a finding of disability. Further, as counsel for the commissioner noted, the administrative law judge made comments in the body of his decision tending to undercut any inference that he considered the plaintiff at any point to have been disabled. The administrative law judge pointed to evidence that the plaintiff (i) told providers, when he ultimately sought treatment in 2005, that he had noted slight unsteadiness of his gait that had slowly progressed over the prior five years, becoming particularly more noticeable in the prior year, and (ii) was noted to do extremely well in the wake of his January 2006 surgeries. *See id.* at 11-12.

Here, as in *Dennett*, no predicate finding of disability was made. *See Dennett*, 2008 WL 4876851, at *6 (claimant did not meet *Kelly* standard for application of SSR 83-20 in

_____

been disabled on or before her date last insured . . .; however, eligibility for SSI benefits is not dependent on insured status.").

circumstances in which the administrative law judge did not concede the applicability of SSR 83-20 and never indicated that the claimant was at any time disabled, and the claimant pointed to no relevant record evidence so indicating).

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of March, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge